**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 21-54-DLB-CJS**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**v.**                              <u>**REPORT AND RECOMMENDATION**</u>

**RAY CALVIN HISEY, II**                                                          **DEFENDANT**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

**Background**

Defendant Ray Calvin Hisey, II is before the Court charged with one count of knowingly and intentionally possessing with intent to distribute five grams or more of methamphetamine, and one count of knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of heroin. (R. 8).  On October 19, 2021, Hisey was arraigned on the charges in the Indictment, at which time Hisey pleaded not guilty. (R. 14).  At that proceeding, the Court also held a detention hearing and granted the United States' motion for detention and Hisey was remanded to the custody of the U.S. Marshals Service. (*Id*.; R. 28).  A trial date was set. (*See* R. 15).

Defendant, by and through counsel, subsequently moved to continue the trial and to undergo a psychological examination. The evaluation was sought based on "communications/ conversations between Defendant Hisey and his counsel, evidence disclosed in discovery, medical records and conversations with family members." (R. 23).  In that motion, defense counsel asserted that Hisey revealed to counsel that "at times he hears voices and believes others around him are talking about him" and that Hisey's family confirmed a past diagnosis of schizophrenia. (*Id*.).  The

Court granted Hisey's motion for an examination and ordered Hisey to undergo custodial evaluation of his competency as well as evaluation of whether he has a mental disease or defect or other mental condition bearing on the issue of guilt. This further evaluation was requested by the United States after Defendant provided notice under Criminal Rule 12.2(b) of his potential use of expert testimony regarding his mental status as it relates to the issue of guilt. (*See* R. 24). Defendant then filed an Amended Motion for the purpose of providing additional notice that he may also be asserting an insanity defense. (*See* R. 25). An Order was issued granting Hisey's Amended Motion (R. 27), which comprehensive Order directed Hisey to undergo evaluation of: (1) his competence to stand trial pursuant to 18 U.S.C. § 4241 (*see* R. 27 at p. 3, ¶ (5)(e)(i)); (2) his sanity at the time of the offense pursuant to 18 U.S.C. § 4242 (*see id.*, ¶ (5)(e)(ii)); and (3) whether he suffers from a mental disease or defect or any other mental condition bearing on the issue of guilt (*see id.*, ¶ (5)(e)(iii)).

The Bureau of Prisons ("BOP") designated FDC SeaTac as the facility where Hisey would undergo the ordered evaluations. (R. 26). Hisey was transported from the Eastern District of Kentucky on December 20, 2021 and arrived at FDC SeaTac on January 7, 2022. (R. 29). Before the expiration of the competency evaluation, the BOP requested an extension of time to complete the evaluations ordered by the Court, given certain delays and complications arising from the BOP procedures put in place for COVID-19. (R. 30). The Court granted that request and extended the evaluation period by 30 days. (*See* R. 31). Hisey departed FDC SeaTac on April 28, 2022 and returned to the Eastern District of Kentucky on May 5, 2022. (*See* R. 32).

On May 9, 2022, the Court received the competency report of Dr. Cynthia Low, the Forensic Psychologist at FDC SeaTac who evaluated Hisey. (*See* R. 36). Dr. Low stated in her report that Hisey was informed of the nature and purpose of the evaluation and that Hisey agreed to participate to the best of his ability. Dr. Low's evaluation of Hisey was based on clinical

interviews, observations of Hisey's behavior at FDC SeaTac, and testing that included the Minnesota Multiphasic Personality Inventory-3 (MMPI-3), the Personality Assessment Inventory (PAI), and the Revised Competency Assessment Instrument (RCAI). Dr. Low also reviewed legal documents and court records to gather supplemental information.

Dr. Low opined that based upon her evaluation, she believes that Hisey is suffering from a mental disease, namely Schizophrenia. Dr. Low noted that Hisey is exhibiting severe and chronic hallucinations and paranoid delusions despite being on a high dose of an antipsychotic medication. Dr. Low further opined that Hisey is not competent to stand trial in this case. Dr. Low's prognosis for Hisey was "guarded to poor" given concerns that his psychotic symptoms were not better managed with his current antipsychotic medications. Dr. Low opined that Hisey would need regular medication monitoring and regular mental health follow-ups to monitor his stability and suicide risk, and she highly recommended that Hisey receive inpatient substance abuse treatment with intensive aftercare to address Hisey's chronic alcohol and drug issues. Because Dr. Low opined that Hisey was incompetent to stand trial, Dr. Low did not provide an opinion regarding sanity at the time of the offense.

On May 19, 2022, the case came before the Court for a competency hearing. Both parties agreed to stipulate to the admissibility of Dr. Low's report as well as the findings and opinions therein; therefore, Dr. Low did not testify at the competency hearing. Moreover, no further proof was offered by either side. After hearing from counsel, the Court took the matter under advisement for the issuance of a report and recommendation.

### Discussion

The law is well established that "[a] criminal defendant is incompetent if he lacks 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or if he does not have 'a rational as well as factual understanding of the proceedings against him.'"

*United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)); *also see* 18 U.S.C. § 4241(a) (describing the standard as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").  In reaching a decision regarding a defendant's competence to proceed, a court "considers several factors, including 'evidence of a defendant's irrational behavior, demeanor [  ] [during court proceedings], and any prior medical opinion on competence to stand trial.'" *Id.* (quoting *Drope*, 420 U.S. at 180).  Pursuant to § 4241, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a).

Consideration of the above factors persuades the Court that Hisey is not presently competent to proceed as defined in § 4241(a).  Upon both his initial appearance on the Criminal Complaint and arraignment on the Indictment, Hisey confirmed he understood the counts presented against him and pleaded not guilty by and through his counsel. (R. 5; R. 14).  Hisey also indicated to the Court during a status conference that he understood the competency evaluation process.  (*See* R. 22).  While this could suggest that Hisey has a rational understanding of the charges against him, Dr. Low opined that, when questioned, Hisey exhibited a poor actual understanding of the criminal charges against him.  Dr. Low explained, for example, that "[w]hen asked what would happen to him if he is found guilty, he advised the voices told him there is a prison on Mars 'for people like us,' and he does not know why the voices would lie."  Hisey further did not understand that he would be released if found not guilty and maintained that he would be sent to a halfway house or hospital, even after being corrected.  And defense counsel, in previously expressing concern about Hisey's competency, informed the Court that Hisey and his family told her that he had previously been diagnosed with Schizophrenia, and that Hisey told her he heard voices and believed that others around him are talking about him.  (R. 23).

4

Dr. Low opined as to many instances of Hisey's irrational behavior. According to Dr. Low, Hisey is exhibiting severe chronic hallucinations. He believes that the government has implanted microchips in his body to control him and he has attempted to cut and burn the microchips out of his body in the past. Hisey told Dr. Low that he hears voices and beeping sounds. Dr. Low observed that Hisey is fearful his food is being poisoned and has lost weight and is paranoid of being harmed to the point that he does not leave his cell.

During court proceedings, Hisey generally presented as polite and soft spoken. When questioned by Dr. Low about how to behave while in court, Hisey informed Dr. Low that "when he is in court he looks at the judge and says yes or no." Dr. Low opined that Hisey had an adequate understanding about how to appropriately behave during court proceedings.

As for any prior medical opinions on competency to stand trial, the opinions of Dr. Low are the only medical proof regarding Hisey's current competency. At the evidentiary hearing, the United States and Attorney Rafizadeh stipulated to and accepted Dr. Low's report, including her findings and recommendations. Specifically, the United States and Attorney Rafizadeh agree that Hisey is not competent to stand trial at this time and needs further assessment and treatment to attempt to restore Hisey to competency so that he may face his charges and proceed to trial if necessary.

Ultimately, Dr. Low opined that Hisey is not competent to stand trial. She diagnosed Hisey as presently suffering from Schizophrenia. She stated that Hisey struggled to focus, learn information, and paraphrase his understanding. Hisey demonstrated poor understanding of court procedures and the role of his attorney, the prosecutor, the judge, and the jury. He told Dr. Low, for example, that he believed both the prosecutor and his attorney were on his side, and "asserted some judges are involved with the cartel and he believes the judge works for spies." Dr. Low also stated that Hisey demonstrated a poor ability to cooperate and assist his counsel in his defense. Dr.

Low opined that Hisey "demonstrated a poor ability to understand the nature and consequences of the court proceedings against him, and a poor ability to properly assist counsel in his defense."

After considering the totality of the record, the Court finds by a preponderance of the evidence that Defendant presently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is currently unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per 18 U.S.C. § 4241(d).

The consequences of being mentally incompetent are reflected in the statute, which requires the Court to commit Hisey to the Attorney General's custody. "The Attorney General shall hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(1). Thus, based upon the findings herein, commitment is mandatory.

**Conclusion**

Accordingly, **IT IS RECOMMENDED** that Defendant Ray Calvin Hisey, II be found to be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per 18 U.S.C. § 4241(d), and that Defendant be committed to the custody of the Attorney General for treatment at a suitable facility. It should be ordered that, once an appropriate facility designation is made, Defendant remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that he will attain the capacity to permit further proceedings to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). It should further be ordered that if at any time during Defendant's initial period of commitment the director of the facility determines that

Defendant has recovered his competency, the director file a certificate to that effect promptly with the Clerk of this Court, for the Court to then proceed pursuant to 18 U.S.C. § 4241(e).

Ordinarily, the parties would be directed to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. That is, specific written objections would have to be filed within fourteen (14) days of service of this Report and Recommendation, with failure to object per Rule 59(b) waiving a party's right to review. **<u>However, in this case, the parties agreed at the competency hearing to waive the period for the filing of objections so that this Report and Recommendation could be promptly submitted to District Judge Bunning for his immediate consideration</u>**.

Signed this 26th day of May, 2022.



**Signed By:**

*<u>Candace J. Smith</u>*

**United States Magistrate Judge**

J:\DATA\Orders\criminal cov\2021\21-54-DLB-CJS R&R re competency.docx